FILED IN THE ALASKA TRIAL COURTS ON 7/27/

Daniel I. Pace
SANDBERG PACE & GLAZIER, LLC
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone: (907) 222-4003
Facsimile: (907) 222-4006
dan@spg.law

Tim Cook
Cook and Associates
3901 Taiga Drive
Anchorage, AK 99516
Telephone: (907) 336-5291
aklaw911@outlook.com

ATTORNEYS FOR PLAINTIFF
Gregory Muotka

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

| | |
|---|---|
| GREGORY MUOTKA,<br><br>Plaintiff,<br><br>-vs-<br><br>THOR MOTOR COACH, INC.,<br><br>Defendant. | Case No. 3AN-26-08320CI |

# LEMON LAW COMPLAINT

COMES NOW the Plaintiff Gregory Muotka, through his attorneys, Daniel I. Pace of Sandberg Pace & Glazier, LLC and Timothy Cook, co-counsel, and alleges the following as his complaint:

## JURISDICTIONAL ALLEGATIONS

1. At all times relevant herein, Plaintiff Gregory Muotka was a resident within the State of Alaska, Third Judicial District.

2. At all times relevant herein, Defendant Thor Motor Coach, Inc. was a motor vehicle manufacturer, selling motor vehicles through its dealers and servicing motor vehicles through its repairing agents in the State of Alaska.

3. The Alaska Superior Court has jurisdiction over this action pursuant to AS 22.10.020 as Plaintiff is seeking, among other things, declaratory relief.

4. Venue is proper in the Third Judicial District of the State of Alaska pursuant to AS 22.10.030 and Alaska Rule of Civil Procedure 3(c) as Plaintiff resides in this district.

## GENERAL ALLEGATIONS

5. Plaintiff purchased a new 2024 Thor Motor Coach motorhome, VIN 4UZACHFC9PCUK7757 ("Vehicle"), from Thor Motor Coach, Inc. through its dealer, on or about April 22, 2025.

6. Plaintiff intended to use the Vehicle primarily in Alaska. Plaintiff registered the Vehicle in Alaska.

7. The Vehicle is a "motor vehicle" as defined in AS 45.45.360(6).

8. The Vehicle came with an "express warranty" as defined in AS 45.45.360(3).

9. The Vehicle did not conform to its express warranty. The nonconformities include, without limitation, a defective Aqua-Hot heating and hot water system, a defective inverter, and a water leak above the slide-out.

10. Plaintiff reported these nonconformities to Thor Motor Coach, Inc. and/or its agent.

11. Plaintiff was assured by Thor Motor Coach, Inc. and/or its agent that the problems were covered by the Vehicle's express warranty and would be repaired.

12. Within one year of the delivery date, Thor Motor Coach, Inc. was unable to conform the Vehicle to the express warranty after a reasonable number of attempts pursuant to AS 45.45.320 because: (1) the same nonconformity has been subject to repair three or more times by the manufacturer, distributor, dealer, or repairing agent during the term of the express warranty or the one-year period after delivery of the Vehicle to the Plaintiff; and/or (2) the Vehicle was out of service for repair for a total of 30 or more business days during the express warranty term or the one-year period after delivery of the Vehicle to Plaintiff.

13. Plaintiff provided written notice by certified mail to Thor Motor Coach, Inc. and its dealer or repair agent before 60 days had elapsed after the expiration of the express warranty term or within one year after delivery of the Vehicle to Plaintiff in compliance with AS 45.45.310 and: (a) stated that the Vehicle has a nonconformity; (b) provided a reasonable description of the nonconformity; (c) stated that the manufacturer, distributor, dealer, or repairing agent has made a reasonable number

of attempts to conform the Vehicle; and (d) demanded a replacement to be delivered on the 60th day after the mailing of the written notice.

14. Thor Motor Coach, Inc. failed to conform the Vehicle to the express warranty within 30 days of receiving the notice referenced in paragraph 13, in contravention to AS 45.45.300.

15. To date, Thor Motor Coach, Inc. has failed to replace the Vehicle in contravention to AS 45.45.305.

16. Thor Motor Coach, Inc.'s conduct is a presumed unfair trade practice under AS 45.50.471 pursuant to AS 45.45.330.

17. Thor Motor Coach, Inc. acted intentionally, with reckless disregard, and/or negligently when it failed to timely conform the Vehicle to the express warranty.

18. Thor Motor Coach, Inc. acted intentionally, and/or with reckless disregard, and/or negligently when it failed to deliver Plaintiff a replacement vehicle.

19. Thor Motor Coach, Inc.'s conduct has caused Plaintiff economic and non-economic damages.

**COUNT I**
**Violation of Alaska's Unfair Trade Practices Act, AS 45.50.471**

20. Previous paragraphs are incorporated herein.

21. Thor Motor Coach, Inc. engaged in an unfair or deceptive act or practice when Thor Motor Coach, Inc. failed to issue Plaintiff a replacement of the Vehicle as required by AS 45.45.305.

22. The act or practice occurred in the conduct of trade or commerce.

23. Plaintiff suffered an ascertainable loss of money or property as a result of the deceptive or unfair act or practice.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff Gregory Muotka requests that he be awarded the following relief:

1. A declaratory judgment that Thor Motor Coach, Inc. violated Alaska's lemon law when it failed to accept return of the Vehicle and deliver Plaintiff a replacement.

2. An award of special and general damages in an amount to be proven at trial.

3. An award of statutory damages in an amount to be proven at trial.

4. An award of treble damages.

5. An award of punitive damages based on the outrageous, wanton, willful, reckless, and/or intentional conduct of Thor Motor Coach, Inc.

6. An award of prejudgment interest, post-judgment interest, costs, and up to and including full reasonable attorney's fees incurred in bringing this action.

7. Any additional relief, including equitable relief, the Court deems appropriate under the circumstances.

DATED this 27th day of July, 2026, at Anchorage, Alaska.

**SANDBERG PACE & GLAZIER, LLC**
Attorney for Plaintiff
Gregory Muotka

Daniel I. Pace
Alaska Bar No. 1305008

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

GREGORY MUOTKA

Plaintiff(s),

vs.

THOR MOTOR COACH, INC.

Defendant(s).

CASE NO. 3AN-26-08320CI 3AN-26-08320CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Thor Motor Coach, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Daniel I. Pace, whose address is: Sandberg Pace & Glazier, LLC, 101 East 9th Avenue, Suite 7A, Anchorage, Alaska 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge Walker Jr. and to a magistrate judge.

☐ This case has been assigned to District Court Judge __________.

CLERK OF COURT

SEAL OF THE TRIAL COURTS STATE OF ALASKA

07/28/2026
Date

By: [signature] Deputy Clerk

I certify that on 07/28/2026 a copy of this Summons was ☑ mailed ☐ given to ☐ plaintiff ☑ plaintiff's counsel along with a copy of the ☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order to serve on the defendant with the summons.

Deputy Clerk aa

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.